UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

_____

FREYA L. LITTLEFIELD

        Plaintiff,

v.                                                           C.A. # _____

s/y KAWIL, a 112' Private Sailing Yacht believed
to be Flagged in the Marshall Islands and assigned
Official # 80077, its sails, engines, bunkers, electronics,
contents and appurtenances, in rem

        Defendant.

_____

**VERIFIED COMPLAINT UNDER SPECIAL RULE FOR SEAMAN TO
SUE WITHOUT SECURITY AND PREPAYMENT OF FEES
(28 U.S.C. § 1916) WITH DEMAND FOR JURY TRIAL**

    Plaintiff, FREYA L. LITTLEFIELD, by and through her undersigned legal counsel, sues Defendant s/y KAWIL, a 112' Private Sailing Yacht believed to be Flagged in the Marshall Islands and assigned Official # 80077, its sails, engines, bunkers, electronics, contents and appurtenances, in rem, (collectively "Vessel") stating in support:[1]

SUMMARY OF THE CASE

    1.    Freya L. Littlefield is a 33-year-old woman with a career working as a professional sailor and crewmember on yachts before she injured her back working aboard the Vessel while removing lines from a forward hatch in September 2018.

---

[1] This lawsuit is about a person. She had hopes and expectations for her life that were changed by the injuries she suffered as a crewmember aboard the sailing yacht KAWIL. In this way, the undersigned law firm refers to her by her given name, Freya. This use of Plaintiff's given name is not done casually or with disregard for the seriousness of these proceedings. To the contrary, it's meant to highlight that this lawsuit concerns one of the most serious actions we believe a Court hears on the civil side . . . an action involving allegations of personal injury.

1

2. Freya has brought suit against KAWIL, LLC as the Vessel's owner and her employer and that lawsuit is pending in this Court, is ready for trial and bears the docket # 1:18-cv-00699-MSM-PAS ("original lawsuit").

3. An issue throughout the original lawsuit is that the Vessel has <u>not</u> been in this Court's jurisdiction having sailed through the Panama Canal and into the Southern Hemisphere at the time Freya filed her original lawsuit.

4. Now, Freya recently learned and her attorneys confirmed that the Vessel is in this Court's jurisdiction and is located <u>afloat</u> at the Safe Harbor Newport Shipyard, One Washington Street, Newport, Rhode Island.

5. A vessel is "an entity apart from its owner" that "is liable . . . for torts." <u>Minott v. M/Y Brunello</u>, 891 F.3d 1277, 1284 (11th Cir. 2018) (<u>Merchants Nat'l Bank of Mobile v. Dredge Gen. G. L. Gillespie</u>, 663 F.2d 1338, 1345 (5th Cir. Unit A Dec. 1981)).

6. The maritime jurisprudence allows Freya to commence an <u>in rem</u> action against the Vessel at this time because she has not previously had an opportunity to assert her <u>in rem</u> rights. That is, the Vessel's absence from the jurisdiction tolled the statute of limitations. *See,* e.g. <u>Key Bank of Wash. v. f/v HIGHLAND LIGHT</u>, 1995 U.S. Dist, LEXIS 22935 c94-498C (W.D.Wa. Feb. 13, 1995).

7. Freya files this action without prejudice to her original lawsuit and for the sole purpose of asserting her <u>in rem</u> rights against the Vessel. <u>Minott v. M/Y Brunello</u>, 891 F.3d 1277, 1284 (11th Cir. 2018) ("Indeed, federal courts have long acknowledged a wide variety of maritime liens 'arising out of services rendered to or injuries caused by [a vessel].'")

8. Freya wants and fully expects the discovery and trial preparation to date in her original lawsuit will apply to this action and that this action should not necessitate

2

such discovery as will delay trial as Freya is eager to see this matter set for trial at the Court's earliest convenience.

9. Freya wants and fully expects the Court will consolidate this action with her original lawsuit for all purposes *although she requests no such consolidation take place until such time as the Vessel is arrested and seized.*

10. Freya files this action as a separate lawsuit for the sake of keeping confidential her intention to arrest and seize the Vessel as she is entitled and so as to prevent the Vessel from fleeing to another jurisdiction.

## THE PARTIES

11. Plaintiff, Freya L. Littlefield, is a 33-year-old lawful resident of the United States maintaining a residence in Newport, Rhode Island.

12. The Defendant Vessel, s/y KAWIL, is a 112' private sailing yacht believed to be registered in the Republic of the Marshall Islands where it is assigned Official # 80077.

13. On information and belief, the Vessel is or will be within the territorial jurisdiction of the United States District Court for the District of Rhode Island.

14. At the time of Freya's injury, the Vessel was located on navigable waters within the State of Rhode Island.

15. Freya was serving as crew aboard the Vessel including on the Incident Date with such allegation deemed to be a question for the jury per the Court's September 8, 2021 Text Order issued in the original lawsuit.

16. Freya invokes Rule 9(h) for the limited purpose of using Supplemental Admiralty Rule C to foreclose her preferred maritime lien(s) against the Vessel in rem.

17. Venue in this Court is appropriate pursuant to 28 U.S.C. 1391(b)(2) on the basis that the Vessel is currently located within the jurisdiction of this Court.

18. As a Jones Act seaman, Freya invokes the privileges provided her under Title 28 U.S.C. § 1916 to sue without security and prepayment of fees.

19. Freya has fulfilled all conditions precedent for filing this action.

## GENERAL ALLEGATIONS ABOUT THE INCIDENT

20. In September 2018, Freya was hired as crew to work aboard the Vessel.

21. In September 2018, Freya was issued a uniform.

22. In September 2018, Freya was identified on the "crew list" posted in the crew mess.

23. In September 2018, Freya stood watches aboard the Vessel in the same manner as her fellow crewmembers.

24. On September 16, 2018, Freya was ordered to stand watch aboard the Vessel.

25. On September 16, 2018, Freya was under orders to clear the Vessel's forepeak hatch space of its contents so as to allow for the painting of this interior space.

26. The forepeak hatch space was accessed through a hatch on the Vessel's forward deck and a ladder was used to descend to the sole (bottom) of the hatch.

27. The ladder used to enter and exit the forepeak hatch interior was mounted in such a way that anyone ascending the ladder had to maneuver at the top in a twisting fashion in order to bridge the gap between the ladder and the edge of the hatch opening.

28. At approximately noon on September 16, 2018, Freya was ascending the ladder to exit the forepeak hatch space while carrying a length of line.

29. As Freya maneuvered to exit the hatch space onto the Vessel's exterior deck, she twisted and heard a "pop" and "crunch" noise in her lower back ("Incident").

30. In the following hours and ever since, Freya has suffered pain, a loss of range of motion and other symptoms consistent with a serious lumbar injury.

31. On or about the day after the Incident, Freya left the Vessel for the purpose of seeking medical treatment ashore and has not since returned.

32. Freya continues to treat for her injuries.

33. Freya has not reached Maximum Medical Improvement.

34. All of the medical treatment Freya has undergone subsequent to the Incident and such medical treatment she will undergo in the future was and is causally related to the Incident.

35. Freya has experienced significant pain, suffering and emotional distress as a result of the Incident and medical treatment she has so far endured and is likely to endure.

36. At all times material hereto, the Vessel was on navigable waters.

37. At all times material hereto, Freya exercised due care in the performance of her duties.

## **COUNT ONE**

### **(In Rem Claim Against the Sailing Yacht KAWIL)**

38. Freya reasserts and realleges all of the preceding allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. This is an action in rem to enforce a lien for damages arising from a maritime tort.

40. At all material times, it was the duty of the Vessel to provide Freya with reasonable care under the circumstances.

41. On or about September 16, 2018, the Vessel breached its duty to provide Plaintiff with reasonable care under the circumstances.

42. Freya was injured by reason of the fault of the Vessel for acts and omissions that include, but are not limited to, the following:

   a. Failure to provide adequate tools, equipment and safety devices;
   b. Failure to supply the Vessel with appurtenances;
   c. Failure and negligence of fellow employees;
   d. Insufficient crew;
   e. Failure to use due care to provide Freya with a reasonably safe place in which to perform her work;
   f. Allowing an unsafe means of forepeak hatch ingress and egress to exist;
   g. Adoption of or permitting of unsafe work procedures;
   h. Allowing an unsafe ladder and/or hatch to exist;
   i. Failure to maintain the Vessel's ladder and/or hatch; and
   j. Failures and negligence in other respects as will be shown at trial.

43. The Vessel's unseaworthiness, was the cause, in whole or in part, of Plaintiff sustaining her serious injuries.

44. The Vessel failed to establish appropriate safety rules and procedures to prevent the Incident from happening.

45. At all times material hereto, the Vessel knew or should have known of the facts supporting the fault asserted herein including the defects in the Vessel.

46. As a result of the Incident, Freya sustained serious personal injuries and/or aggravation of pre-existing physical conditions the full extent of which is not yet known; has in the past required and will in the future require medical treatment, care and attention; will be obliged to expend monies and incur obligations for medical care and attention; has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; has in the past been, presently is, and will be in the future disabled from performing her usual duties, occupations and avocations and has and will in the future suffer a loss of earnings.

47. Freya was in the scope of her employment as a seaman at the time she sustained her serious personal injuries.

48. The serious personal injuries sustained by Freya were not caused by any fault on her part.

49. As a direct and proximate result of the negligence or fault of the Vessel, Freya sustained damages consisting of, among other things, past and future medical expenses, past and future lost wages, lost earning capacity, past and future pain and suffering and loss of enjoyment of life, permanent physical impairment, and disfigurement.

50. Freya's injuries are permanent and continuing in nature and she will suffer losses and impairment in the future.

51. Freya is entitled to full recovery of damages resulting from the alleged maritime tort against the Vessel in rem under 46 U.S.C. § 31301(5)(B).

WHEREFORE, Plaintiff, Freya L. Littlefield, respectfully requests:

  a. That a Warrant for Arrest <u>in</u> <u>rem</u> issue against s/y KAWIL and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

  b. That Plaintiff be decreed to have a lien upon the s/y KAWIL <u>in</u> <u>rem</u>, and that such lien be foreclosed in accordance with law and thereupon that the s/y KAWIL be condemned and sold in payment of the damages suffered by Plaintiff;

  c. That judgment be entered in Plaintiff's favor for all recoverable damages, including compensatory damages, court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just and proper;

  d. That Plaintiff be permitted to bid her judgment against the s/y KAWIL at a U.S. Marshal's sale of the yacht and

  e. That Plaintiff be given such other, further and/or different remedies as are necessary in the interest of equity and justice.

<u>JURY DEMAND</u>

Plaintiff, Freya L. Littlefield, demands a trial by jury on all issues so triable and in particular based on the reasons for which a jury trial is sought in the original lawsuit.

Dated: October 29, 2021
Newport, Rhode Island

Law Offices of Maurice Cusick

By: /s/ Maurice Cusick

Maurice Cusick, Esq. (#6349)
625 Thames Street
Newport, RI 02840
(401) 847-0175 -- Telephone
mauricecusick@hotmail.com
*Attorney for Plaintiff*

Fulweiler llc

By: /s/ John K. Fulweiler

John K. Fulweiler, Esq. (#7876)
W.B. Franklin Bakery Building
40 Mary Street
Newport, RI 02840
(401) 667-0977 -- Telephone
(401) 656-2501 – Facsimile
john@saltwaterlaw.com
www.saltwaterlaw.com
*Attorney for Plaintiff*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Freya L. Littlefield declare and state under penalty of perjury that the foregoing is true and correct:

1. I make this declaration based on personal knowledge.

2. I have read the <u>Verified Complaint</u> and know the contents of the same to be true to the best of my knowledge.

3. The source of my knowledge and the grounds for my belief as to all matters stated in the <u>Verified Complaint</u> are my own, personal knowledge.

4. I declare under penalty of perjury that the foregoing is true and correct.

Dated:     October 28, 2021

/s/ Freya L. Littlefield
By: _____
Freya L. Littlefield